UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT HOSPITAL | : | |
| MANAGEMENT CORP. D/B/A | : | |
| THE STONINGTON INSTITUTE, | : | |
| PROPERTY RESOURCES | : | |
| MANAGEMENT, MICHAEL ANGELIDES, | : | |
| ROBERT FOX, JOHN DOES ONE | : | |
| THROUGH THREE | : | NO.: 3:00CV1987 (HBF) |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF NEW LONDON, | : | |
| NEW LONDON ZONING BOARD OF | : | |
| APPEALS, REID BURDICK, TIMOTHY | : | |
| WEST, MITCHELL COLLEGE, MARY | : | |
| ELLEN JUKOSKI and VAUGHN CLAPP | : | OCTOBER 14, 2003 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE JURY DEMAND**

I.      **INTRODUCTION**

The defendants, the City of New London ("New London"), New London Zoning Board of Appeals ("ZBA"), Reid Burdick and Timothy West (collectively "New London defendants"), hereby file this memorandum in opposition to the plaintiffs' September 22, 2003 motion to strike the New London defendants' March 17, 2003 jury demand.

## II.     BACKGROUND

The plaintiffs filed their original complaint on October 17, 2000, against New London and the ZBA. New London and the ZBA filed an answer to the original complaint on December 11, 2000, but they did not file a jury demand at the time, as the majority of the relief sought by the plaintiffs was equitable[1]. On September 6, 2001, the plaintiffs filed a Motion for Leave to File Supplemental Complaint, alleging additional causes of action against the City of New London relating to the sale of Mitchell College properties, which allegedly fell through after New London Councilmen Reid Burdick and Timothy West met with Mitchell College President, Mary Ellen Jukoski. The court did not rule on the September 6, 2001, Motion for Leave to File Supplemental Complaint and the parties agreed to an expedited discovery schedule to prepare for the preliminary injunction hearing concerning the Mitchell College properties.

On November 9, 2001, the plaintiffs filed a Motion For Leave to File and Serve Amended Verified Supplemental Complaint and simultaneously filed a Motion to Withdraw the September 6, 2001 Motion for Leave to File Supplemental Complaint. By way of the November 9, 2001 proposed Amended Verified Supplemental Complaint the plaintiffs added the additional defendants, Reid Burdick, Timothy West, Mary Ellen

---

[1] In the October 17, 2000 complaint, the plaintiffs sought "a temporary restraining order, preliminary and permanent injunctions enjoining the defendants from taking actions, including, but not limited to, taking any action in furtherance of the Cease and Desist Orders and the ZBA's decision upholding the Cease and Desist Orders, that either directly or indirectly interfere with Plaintiffs' ability to reside in mutually supportive housing or to provide for housing to unrelated groups of disabled persons who are otherwise in treatment and therapy for alcohol and drug addiction." (Verified Complaint, p.23.) The plaintiffs also sought punitive damages.

Jukoski and Vaughn Clapp, as well as new allegations and new causes of action with respect to these individuals.[2]

The court did not rule on the November 9, 2001 Motion for Leave to File and Serve Amended Verified Supplemental Complaint until September 6, 2002. Although the court granted the November 9, 2001 Motion for Leave to File and Serve Amended Verified Supplemental Complaint on September 6, 2002, the case was stayed from April 1, 2002 through April 30, 2003. Therefore, the New London defendants were not required to file an answer during that time period. The court continued to grant the New London defendants' motions for extension of the stay on the condition that the parties continued to negotiate settlement in good faith.

In accordance with the court order, the parties continued in their efforts to settle the case on March 11, 2003, however, these negotiations were unsuccessful. On March 20, 2003, approximately nine days after settlement negotiations between the parties fell through and over a month before the stay officially expired, the New London defendants filed an answer to the Amended Verified Supplemental Complaint as well as a jury demand. Accordingly, the court should deny the plaintiffs' Motion to Strike the New London jury demand because the jury demand was timely filed pursuant to Rule 38b of the Federal Rules of Civil Procedure.

---

[2] The amended verified supplemental complaint contained allegations of tortious interference with contract and tortious interference with business expectancies by the New London Defendants.

### III.      LAW & ARGUMENT

#### A.      The New London Defendants Filed a Timely Jury Demand

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, "[a]ny party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed at such issue." If a party fails to serve a demand as required by Rule 38 (b), the party waives its right to a jury trial. See Rule 38 (d). "The Civil Rules require a demand for a jury trial on an issue no later than ten days after the service of the last pleading directed to such issue. . . . Failure to make a timely demand constitutes a waiver. . . . However, the last pleading directed to an issue is not the pleading that raises the issue, it is the pleading that contests the issue. Normally that pleading is an answer, or, with respect to a counterclaim, a reply." (Citations omitted; internal quotation marks omitted.) McCarthy v. Bronson, 906 F.2d 835 (2nd Cir. 1990).

The New London defendants contend that the verified supplemental complaint revived the right to a jury trial because the plaintiffs alleged new causes of action based on new facts. "In this circuit, amendments to the pleadings revive the right to a jury trial only if the amendments involve new issues or change the original issues." Richardson Greenshields v. Mui-Hin Lau, 693 F.Supp. 1445, 1458 (S.D.N.Y. 1988). "The essential question to decide therefore is whether the amended pleadings raised new issues such that the right to a jury trial was revived." Id. "The Second Circuit has noted that a new issue means something more than the evidence offered

4

and the legal theories pursued, although these are pertinent factors. . . . The presentation of a new theory of recovery, especially if they are based on the same facts, does not constitute the presentation of a new issue on which a jury trial should be granted." Id. "Instead, the amended pleadings must involve new facts not involved in the issues framed by the original pleadings." Id.

The New London defendants did not file a jury demand with their answer to the original complaint on December 11, 2000.[3] Subsequently, on November 9, 2001, the plaintiffs filed a Motion for Leave to File and Serve Amended Verified Supplemental Complaint alleging new causes of action based on new facts surrounding the attempted purchase of Mitchell College properties by the plaintiffs and the alleged interference with that sale by New London councilmen Reid Burdick and Timothy West. The filing of the Amended Verified Supplemental Complaint revived the time period for filing a jury demand because it contained new facts and new causes of action.

The plaintiffs' Amended Verified Supplemental Complaint did not become operative until the court granted the plaintiffs' Motion for Leave to File and Serve Amended Verified Supplemental Complaint on September 6, 2002, during which time the case was stayed from April 1, 2002 until April 30, 2003. Because the case was stayed when the court ruled on the plaintiffs' motion, the time period for answering the Amended Verified Supplemental Complaint and filing a jury demand did not begin to

---

[3] The New London defendants concede that a timely jury demand was not filed with respect to the causes of action relating to the cease and desist orders. The New London defendants are seeking a jury trial for the new causes of action alleged in the amended verified supplemental complaint.

run until April 30, 2003. The New London defendants filed their answer to the Amended Verified Supplement Complaint as well as a jury demand on March 20, 2003; nine days after settlement negotiations reached an impasse and over a month before the stay was officially lifted. Therefore, New London defendants filed their answer and jury demand prior to the time period for filing their answer began to run. Accordingly, the court should deny the plaintiffs' Motion to Strike the New London defendants' jury demand.

### B. The Plaintiffs' Arguments in Support of Their Motion to Strike the New London Defendants' Jury Demand are Without Merit

The plaintiffs' arguments in support of their Motion to Strike the New London jury demand fail for several reasons. The plaintiffs' version of the procedural history of the case is incorrect. According to the plaintiffs, the new causes of action concerning the Mitchell College properties were asserted against New London and Mitchell College on September 6, 2001, and the supplemental complaint was amended on November 9, 2001, added additional parties. Therefore, the plaintiffs argue that the November 9, 2001 Amended Verified Supplemental Complaint "ceased to raise new factual issues and was simply alleging new legal theories or particularized facts" as against the New London and Mitchell College defendants. (Plaintiffs' Memorandum of Law in Support of Motion to Strike New London Jury Demand, p. 5, note 1.)

6

The plaintiffs, however, filed a Motion to Withdraw the September 6, 2001 Motion for Leave to File Supplemental Complaint on November 9, 2001, and filed a new Motion for Leave to File and Serve Amended Verified Supplemental Complaint. On **September 6, 2002**, the court granted the motion to withdraw the September 6, 2001 Motion for Leave to File Supplemental Complaint and granted the November 9, 2001 Motion for Leave to File and Serve Amended Verified Supplemental Complaint. The plaintiffs completely ignore this aspect of the procedural history in their memorandum in support of the Motion to Strike New London jury demand presumably in hopes that the New London defendants and the court would also ignore it.

It is clear that the September 6, 2001 proposed Supplemental Complaint was withdrawn and, therefore, never became operative. Furthermore, the November 9, 2001 proposed Amended Verified Supplemental Complaint did not become the operative complaint until September 6, 2002. However, because the proceedings in the case were stayed, defendants were not required to answer at that time. Accordingly, the court should disregard the assertion by the plaintiffs that the operative date of the Amended Verified Supplemental Complaint is September 6, 2001. In addition, the plaintiffs' argument that the New London defendants were required to file a jury demand no later than October 10, 2001 is erroneous because the New London defendants certainly could not be expected to answer a complaint that was never

7

allowed by this court, was subsequently withdrawn and, therefore, never became operative.

Finally, the plaintiffs' argument that the New London defendants' jury demand was considered timely based solely on the fact that Mitchell College filed a timely answer and jury demand on April 11, 2003, is also unavailing. The plaintiffs apparently intend to assert that the answer filed by Mitchell College is no longer an operative pleading or that it was never filed, because Mitchell College is no longer a party. Of course, this position is specious.

It is also interesting to note that the plaintiffs' claim that Mitchell College filed a timely answer and jury demand on April 11, 2003, in the same brief in which they assert that the Supplemental Complaint became operative on September 6, 2001, and, therefore, the New London defendants answer was untimely. This is clearly inconsistent and, therefore, the court should disregard any of the plaintiffs' arguments with respect to Mitchell College and the timeliness of the New London defendants' answer and jury demand.

Regardless of the plaintiffs' arguments with respect to the timeliness of the New London defendants' jury demand, it is clear based on the procedural history of the present case that the New London defendants filed a timely answer and jury demand. The New London defendants were not required to answer the Amended Verified Supplemental Complaint until after the stay was lifted.

### C. <u>The Law of the Case</u>

> Rule 54 (b) provides, in relevant part, that, prior to entry of a final judgment, an interlocutory order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. . . . [The Second Circuit Court of Appeals has] limited district courts' reconsideration of earlier decisions under Rule 54 (b) by treating those decisions as law of the case, which gives the district court discretion to revisit earlier rulings in the same case, subject to the caveat that <u>where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again. . . . Thus, those decisions may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice</u>.

(Citations omitted; emphasis added; internal quotation marks omitted.) <u>Unsecured Creditors v. Coopers & Lybrand</u>, 322 F.3d 147, 167 (2nd Cir. 2003).

In the present case, the plaintiffs previously moved to strike both the New London defendants' and the Mitchell College defendants' jury demand on April 29, 2003. On July 17, 2003, the court denied the plaintiffs' Motion to Strike the jury demands. The plaintiff filed the present Motion to Strike the New London defendants' jury demand because the claims against Mitchell College were resolved. The plaintiffs fail to allege a change in the law or a change in the circumstances that would allow the court to revisit its earlier ruling on the April 29, 2003 Motion to Strike jury demands. The New London defendants assert that there has not been a change in either the law or the circumstances of the present case; therefore, the July 17, 2003 decision

denying the plaintiffs' Motion to Strike Jury Demands should remain the law of the case.

## IV.     **CONCLUSION**

Based on the foregoing, the New London defendants respectfully request that the Court find that their jury demand was timely and deny the plaintiffs' Motion to Strike the jury demand.

DEFENDANTS,
THE CITY OF NEW LONDON, NEW LONDON ZONING BOARD OF APPEALS, REID BURDICK and TIMOTHY WEST

By_____
   Melinda A. Powell
   ct17049
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   Fax (860) 522-9549
   mpowell@hl-law.com

## **CERTIFICATION**

        This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 14th day of October, 2003.

Theodore J. Tucci, Esquire
Michael Kolosky, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT  06103-3597

Thomas J. Londregan, Esquire
Brian Estep, Esquire
Conway & Londregan
38 Huntington Street
P.O. BOX 1351
New London, CT 06320

                                                    _____
                                                    Melinda A. Powell
                                                    Howd & Ludorf
                                                    65 Wethersfield Avenue
                                                    Hartford, CT  06114
                                                    (860) 249-1361