# FILED

2004 MAR -2  P 5: 31

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT HOSPITAL MANAGEMENT: | | |
| CORP. D/B/A THE STONINGTON | : | |
| INSTITUTE, PROPERTY RESOURCES | : | |
| MANAGEMENT, MICHAEL ANGELIDES, | : | |
| ROBERT FOX, JOHN DOES ONE | : | |
| THROUGH THREE | : | NO.: 3:00CV1987 (HBF) |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF NEW LONDON, | : | |
| NEW LONDON ZONING BOARD OF | : | |
| APPEALS, REID BURDICK, TIMOTHY | : | |
| WEST, MITCHELL COLLEGE, MARY | : | |
| ELLEN JUKOSKI and VAUGHN CLAPP | : | October 21, 2003 |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CITY OF NEW LONDON, NEW LONDON ZONING BOARD OF APPEALS, REID BURDICK AND TIMOTHY WEST TO VERIFIED SUPPLEMENTAL COMPLAINT

### PARTIES

#### Plaintiffs

1.    As to paragraphs 1, 2, 3, 4, and 5, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

#### Defendants

1.    Paragraphs 6 and 7 are admitted.

2.    As to paragraphs 8, 11, 12 and 13, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

3.    That portion of paragraph 9 which states, "Reid Burdick is an individual residing in Connecticut," is admitted.  As to the remainder of paragraph 9, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

4.    That portion of paragraph 10 which states, "Timothy West is an individual residing in Connecticut," is admitted.  As to the remainder of paragraph 10, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

**Jurisdiction and Venue**

1.    Paragraphs 14 and 15 are admitted.

**Facts**

1.    As to paragraphs 16, 17, 18, 19, 25, and 26, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

2.     Paragraphs 20, 21, 22, 27, 36, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50 are denied.

3.     That portion of paragraph 23 which states, "and they continue to retain their residential character," is denied.  The remainder of paragraph 23 is admitted.

4.     That portion of paragraph 24 which states, "As recovering alcoholics and substance abusers," and "are handicapped as defined in the Fair Housing Act, 42 U.S.C. § 3602(h)," are admitted.  As to the remainder of paragraph 24, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

5.     Paragraphs 28, 30, 31, 32, 34, 35, 37 and 38 are admitted.

6.     That portion of paragraph 29 which states, "Upon information and belief, the New London Zoning Regulations do not have provisions that allow for group homes," is admitted.  The remainder of paragraph 29 is denied.

7.     That portion of paragraph 33 which states, "the failure of the Zoning Regulations to reasonably accommodate such cases," is denied.  The remainder of paragraph 33 is admitted.

**Refusal to Sell**

1.     Paragraph 51 is admitted.

2.     As to paragraphs 52, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 69, 70, 71, 72, 73 and 74, these defendants do not have sufficient knowledge or

information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

3.      That portion of paragraph 53 which states, "Subsequent to the Court's ruling, the parties engaged in extensive settlement discussions with the Court's assistance," is admitted.  It is admitted that Joe Heap and Peter Gillespie toured the City with Bill Aniskovich.  As to the remainder of paragraph 53, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

4.      Paragraphs 54, 75 and 78 are denied.

5.      That portion of paragraph 56 which states, "After the New London defendants identified the Mitchell College properties as being acceptable for the Plaintiffs' proposed use," is denied.  As to the remainder of paragraph 56, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

6.      As to paragraph 67, it is admitted that Reid Burdick and Timothy West met with Mary Ellen Jukoski and Vaughn Clapp.  As to the remainder of paragraph 67, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

7.      These defendants do not answer paragraphs 76 and 77, as these are not

directed to them.

**FIRST CLAIM FOR RELIEF**

**(Federal Fair Housing Act, 42 U.S.C. §§ 3601 et seq. – New London Defendants, Reid Burdick and Timothy West)**

      1.     The answers to paragraphs 1-78 above, are hereby made the answers to paragraphs 1-78 of the First Claim for Relief, as if fully set forth herein.

      2.     Paragraphs 80, 82, 83, 84, 85, 86 and 87 are denied.

      3.     As to paragraph 81, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.


**SECOND CLAIM FOR RELIEF**

**(Federal Fair Housing Act, §§ 3601 et seq. – Defendants Mitchell College, Mary Ellen Jukoski and Vaughn Clapp)**

      1.     These defendants do not answer paragraphs 88, 89 and 90, as they are not directed to them.


**THIRD CLAIM FOR RELIEF**

**(Connecticut Fair Housing Act, Conn. Gen. Stat. § 46a-64 – New London Defendants, Reid Burdick and Timothy West)**

      1.     The answers to paragraphs 1-90 above, are hereby made the answers to paragraphs 1-90 of the Third Claim for Relief, as if fully set forth herein.

2.      As to paragraph 92, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

3.      Paragraphs 93, 94, 95, 96, 97 and 98 are denied.


## FOURTH CLAIM FOR RELIEF

**(Connecticut Fair Housing Act § 46c-64c – Defendants Mitchell College, Mary Ellen Jukoski and Vaughn Clapp)**

1.      These defendants do not answer paragraphs 99, 100, 101 and 102, as they are not directed to them.


## FIFTH CLAIM FOR RELIEF

**(Americans with Disabilities Act, 42 U.S.C. 12101 et seq. – New London Defendants)**

1.      The answers to paragraphs 1-102 above, are hereby made the answers to paragraphs 1-102 of the Fifth Claim for Relief, as if fully set forth herein.

2.      Paragraph 104 is admitted.

3.      Paragraphs 105, 106 and 107 are denied.

## SIXTH CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – New London Defendants, Reid Burdick and Timothy West)**

1.    The answers to paragraphs 1-107 above, are hereby made the answers to paragraphs 1-107 of the Sixth Claim for Relief, as if fully set forth herein.

2.    Paragraphs109, 110 and 111 are denied.

## SEVENTH CLAIM FOR RELIEF

**(Notice Defect – New London Defendants)**

1.    The answers to paragraphs 1-112 above, are hereby made the answers to paragraphs 1-112 of the Seventh Claim for Relief, as if fully set forth herein.

2.    Paragraphs 113 and 115 are denied.

3.    Paragraph 114 is admitted.

## EIGHTH CLAIM FOR RELIEF

**(Upholding the Cease and Desist Orders – New London Defendants)**

1.    The answers to paragraphs 1-115 above, are hereby made the answers to paragraphs 1-115 of the Eighth Claim for Relief, as if fully set forth herein.

2.    Paragraph 117 is denied.

**NINTH CLAIM FOR RELIEF**

**(Denial of Variance – New London Defendants)**

     1.     The answers to paragraphs 1-117 above, are hereby made the answers to paragraphs 1-117 of the Ninth Claim for Relief, as if fully set forth herein.

     2.     Paragraph 119 is denied.

**TENTH CLAIM FOR RELIEF**

**(Breach of Contract – Defendants Mitchell College and Mary Ellen Jukoski)**

     1.     These defendants do not answer paragraphs 120, 121, 122, 123 and 124, as they are not directed to them.

**ELEVENTH CLAIM FOR RELIEF**

**(Bad Faith – Defendants Mitchell College and Mary Ellen Jukoski)**

     1.     These defendants do not answer paragraphs 125, 126 and 127, as they are not directed to them.

**TWELFTH CLAIM FOR RELIEF**

**(Misrepresentation – Defendants Mitchell College, Mary Ellen Jukoski and Vaughn Clapp)**

      1.     These defendants do not answer paragraphs 128, 129, 130, 131 and

132, as they are not directed to them.

**THIRTEENTH CLAIM FOR RELIEF**

**(Tortious Interference with Contract – New London Defendants, Reid Burdick, Timothy West and Vaughn Clapp)**

      1.     The answers to paragraphs 1-132 above, are hereby made the answers

to paragraphs 1-132 of the Thirteenth Claim for Relief, as if fully set forth herein.

      2.     Paragraphs 134, 135, 136 and 137 are denied.

**FOURTEENTH CLAIM FOR RELIEF**

**(Tortious Interference with Business Expectancies – New London Defendants, Reid Burdick, Timothy West and Vaughn Clapp)**

      1.     The answers to paragraphs 1-137 above, are hereby made the answers

to paragraphs 1-137 of the Fourteenth Claim for Relief, as if fully set forth herein.

      2.     Paragraphs 139, 140, 141 and 142 are denied.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiffs have failed to state a cause of action upon which relief can be granted.

2.     The plaintiffs' claims against Defendants Reid Burdick and Timothy West are barred by the doctrine of qualified immunity.

3.     Defendants are entitled to a set-off or credit in the amount of the settlement between plaintiffs and Mitchell College, Ellen Jukowski and Vaughn Clapp as to the claims for damages against defendants City of New London, Reid Burdick and Timothy West involving the sale of the properties owned by Mitchell College.

DEFENDANTS,
THE CITY OF NEW LONDON, NEW
LONDON ZONING BOARD OF APPEALS,
REID BURDICK and TIMOTHY WEST

By_____
    Thomas R. Gerarde
    ct05640
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 522-9549 fax
    tgerarde@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 21st day of October, 2003.
                                                                    28th

Theodore J. Tucci, Esquire
Michael Kolosky, Esquire
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Thomas J. Londregan, Esquire
Brian Estep, Esquire
Conway & Londregan
38 Huntington Street
P.O. BOX 1351
New London, CT 06320

_____
Thomas R. Gerarde
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
 (860) 249-1361